IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **CHELSY TOOLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | **2:25-cv-00917** |
| **STRONGHOLD** | ) | **JURY DEMANDED** |
| **CONTRACTING GROUP** | ) | |
| **LLC; BRANDON** | ) | |
| **MULLINAX; JOHN** | ) | |
| **PUCKETT; LOGAN HALE** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Chelsy Toole (hereinafter "Plaintiff"), individually and on behalf of all similarly situated, by and through undersigned counsel, brings this action to obtain relief under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq., for unpaid compensation, liquidated damages, costs, attorneys; fees, and such other relief this Court deems appropriate. In support, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the Fair Labor Standards Act of 1938, as amended.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Autauga County, Alabama, which lies within the Northern Division of the United States District Court for the Middle District of Alabama.

## PARTIES

**A.   Plaintiff**

3. Plaintiff is a resident of Geneva County, Alabama, and is over the age of nineteen (19) years.

4. Plaintiff, for all times relevant to this action, was an "employee" of Defendant as defined under the Fair Labor Standard Act of 1938, as amended.

**B.   Defendant**

5. Defendant Stronghold Contracting Group LLC is a corporation licensed to legally conduct business in the state of Alabama.

6. Defendant Stronghold Contracting Group LLC is considered an employer within the meaning of the Fair Labor Standards Act and is not exempt from the Act.

7. Defendant Stronghold Contracting Group LLC is engaged in interstate commerce for the purposes of the Fair Labor Standards Act; specifically, they are a construction company who, upon information and belief, conducts business in other states by purchasing supplies from out-of-state suppliers and servicing out-of-state customers.

8. Upon information and belief, Defendant Stronghold Contracting Group LLC has a gross revenue that exceeds $500,000.00 per year.

9. Defendant Brandon Mullinax is, upon information and belief, a resident of the State of Alabama, and is over the age of nineteen (19) years.

10. Defendant John Puckett is, upon information and belief, a resident of the State of Alabama, and is over the age of nineteen (19) years.

11. Defendant Logan Hale is, upon information and belief, a resident of the State of Alabama, and is over the age of nineteen (19) years.

## COLLECTIVE ACTION ALLEGATION

12. Plaintiff brings the first cause of action, overtime claim, on behalf of herself and all similarly situated persons who perform or have performed as a foreman or laborer for Defendant between January 2024 and the date of final judgment, who did not receive overtime for all hours worked over forty (40) in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (hereinafter "the FLSA Collective").

13. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant and/or Defendant was aware of all of the work that Plaintiff and the FLSA Collective have performed.

14. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA

with respect to Plaintiff and the FLSA Collective. This conduct includes, but is not limited to:

a.  Willfully misclassify Plaintiff and the FLSA Collective as independent contractors, and

b.  Willfully failed to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of forty (40) hours per workweek.

15. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective the minimum wage for all hours worked and to pay an overtime premium for hours worked in excess of 40 per workweek.

16. Defendant's conduct has been widespread, repeated, and consistent.

17. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

18. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendant are readily identifiable, and can be located through Defendant's records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

19. Plaintiff consents to sue in this action pursuant to section 16(b) of the FLSA and filed the consent herein.

20. Additional potential FLSA Collective Members are anticipated to execute and file forms consenting to "opt-in" and joining as Plaintiffs in this collective action.

## COLLECTIVE FACTUAL ALLEGATIONS

21. Plaintiff and the FLSA Collective have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA by denying them wages that they are owed.

22. Defendant, as a matter of policy and procedure, required Plaintiff and the FLSA Collective to clock in for work between 6:30 and 7:00 AM.

23. Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per week.

24. Plaintiff and the FLSA Collective have not been paid the premium overtime rate of all hours spent working over 40 hours in a work week.

25. Defendant exercised control over Plaintiff and the FLSA Collective's work including the method and hours Plaintiff and the FLSA Collective could work, and had the ability to terminate Plaintiff or any member of the FLSA Collective's employment.

26. Defendant would pay Plaintiff and the FLSA collective via direct deposit using QuickBooks as their payroll.

# COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARD ACT
**(Brought on behalf of Plaintiff and the FLSA Collective)**

27. Plaintiff repeats and realleges paragraphs 1 - #, as if fully set forth herein.

28. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to Defendant and protect Plaintiff and the FLSA Collective.

29. Defendant failed to pay Plaintiff and the FLSA Collective the prime overtime rate for hours that they worked in excess of forty (40) hours in a workweek.

30. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

31. Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

32. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

WHEREFORE, Plaintiff, on behalf of themselves and FLSA Collective Members, seek judgment against Defendant as follows:

(1) An award of damages and penalties in the amount of the respective unpaid overtime compensation as required under 29 U.S.C. § 207(a)(1);

(2) An awarded of an equal sum as liquidated damages as provided by 29 U.S.C. § 216(a);

(3) Pre-Judgment and post judgment interest as permitted by law;

(4) An award of reasonable attorneys' fees and costs as provided by 29 U.S.C. § 216(b).

(5) Any and all further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

Respectfully Submitted:

/s/ *Jon-Kaden Mullen*
D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

**Please Serve Defendants By Certified Mail As Follows:**

**Stronghold Contracting Group LLC**
**c/o Logan Hale**
**954 Davis St.**
**Prattville, AL 36067**

**Brandon Mullinax**
**Post Office Box 1203**
**Red Lodge, MT 59068**

**John Puckett**
**954 Davis St.**
**Prattville, AL 36067**

**Logan Hale**
**954 Davis St.**
**Prattville, AL 36067**